10-0397-cv
Arrowood Surplus Lines Ins. Co. v. Westport Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand ten.

PRESENT:   ROGER J. MINER,
           BARRINGTON D. PARKER, JR.,
           REENA RAGGI,
                *Circuit Judges*.

-----------------------------------------------------------------
ARROWOOD SURPLUS LINES INSURANCE
COMPANY, as successor in interest to CT
SPECIALTY INSURANCE COMPANY, f.k.a.
ROYAL SURPLUS LINES INSURANCE
COMPANY,

        *Plaintiff-Counter-Defendant-Appellant*,

        v.                                                  No. 10-0397-cv

WESTPORT INSURANCE COMPANY, f.k.a.
EMPLOYEES REINSURANCE CORP.,

        *Defendant-Counter-Claimaint-Appellee*.
-----------------------------------------------------------------
APPEARING FOR APPELLANT:       ROBERT LEWIN (Regan A. Shulman, Stroock &
                               Stroock & Lavan LLP; John C. FitzGerald, Jr.,
                               Cranmore, FitzGerald & Meaney, Hartford,

Connecticut, *on the brief*), Stroock & Stroock & Lavan LLP, New York, New York.

APPEARING FOR APPELLEE: ADAM H. FLEISCHER (Robert J. Bates, Jr., Bates & Carey LLP; David A. Slossberg, Hurwitz, Sagarin, Slossberg & Knuff, LLC, Milford, Connecticut, *on the brief*), Bates & Carey LLP, Chicago, Illinois.

Appeal from the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the January 7, 2010 judgment of the district court is AFFIRMED.

Arrowood Surplus Lines Insurance Company ("Arrowood") appeals from a judgment on the pleadings dismissing its complaint against Westport Insurance Company ("Westport") for reinsurance benefits purportedly owed under a Liability Reinsurance Agreement ("Reinsurance Agreement") between the parties and arising from Arrowood's settlement of a claim under an insurance policy it issued to Equity Residential ("Equity"). We review the challenged judgment de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in Arrowood's favor, see, e.g., LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 475-76 (2d Cir. 2009), consistent with the pleading standards articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying these standards, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as

2

necessary to explain our decision to affirm.

Arrowood submits that the district court erred in concluding that settlement of the Equity policy dispute falls outside the time limitations imposed on Westport's reinsurance liability upon termination of the Reinsurance Agreement. We are not persuaded. By its terms, the Reinsurance Agreement provides reinsurance coverage for insurance policies that become effective after February 1, 1999 (the inception date of the Reinsurance Agreement) with respect to occurrences taking place before August 18, 2000 (the termination date of the Reinsurance Agreement). Under an "annual period" limitation provision, the Reinsurance Agreement provides that insurance policies issued for multiple years "become effective" on the anniversary of their inception. An optional "run-off" provision provides further coverage for insurance policies that become effective before the date of the Reinsurance Agreement's termination through the anniversary of their inception. The Equity policy was issued on December 15, 1999, and Arrowood elected to maintain run-off coverage thereon through December 15, 2000. To the extent the Equity policy dispute involved periods of alleged insurance coverage beyond December 15, 2000, those periods were not covered by the Reinsurance Agreement because they fell outside its time limitations.

In urging otherwise, Arrowood contends that Westport's reinsurance obligation extends to additional periods of insurance under the Equity policy by virtue of the Reinsurance Agreement's "follow the fortunes" provisions. By their terms, however, those

3

provisions apply only to "matters falling under the" Reinsurance Agreement. The additional periods of insurance coverage under the Equity policy here at issue fall outside the Reinsurance Agreement's time limitations and, thus, are not subject to the "follow the fortunes" provisions. In any event, our precedent holds that a "follow the fortunes" provision cannot expand the express limits of coverage imposed by a reinsurance agreement. See Bellefonte Reins. Co. v. Aetna Cas. & Sur. Co., 903 F.2d 910, 913 (2d Cir. 1990) ("[A]llowing the 'follow the fortunes' clause to override the limitation on liability [] would strip the limitation clause and other conditions of all meaning [and] would be contrary to the parties' express agreement and to the settled law of contract interpretation."); see also North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1199-1200 (3d Cir. 1995) (observing that "follow the fortunes" clause cannot create coverage for risks expressly excluded by reinsurance agreement). Accordingly, Arrowood cannot rely on the "follow the fortunes" provision to expand coverage beyond the express time limitations imposed by the Reinsurance Agreement.

Arrowood argues that unresolved fact issues concerning interpretation of the Reinsurance Agreement precluded judgment on the pleadings. Specifically, Arrowood contends that because the Equity policy was not "issued" for multiple years, a question arises as to the applicability of the Reinsurance Agreement's "annual period" limitation to that policy. Connecticut law deems a reinsurance contract ambiguous only when it is reasonably

4

susceptible to more than one interpretation, see Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co., 255 Conn. 295, 305, 765 A.2d 891, 897 (2001); Hartford Accident & Indem. Co. v. Ace Am. Reins. Co., 284 Conn. 744, 755, 936 A.2d 224, 231 (2007) (treating insurance and reinsurance contracts same), when the contract is viewed in its entirety, see State Farm Fire & Cas. Ins. Co. v. Sayles, 289 F.3d 181, 185 (2d Cir. 2002) (citing QSP, Inc. v. Aetna Cas. & Sur. Co., 256 Conn. 343, 351-52, 773 A.2d 906, 913-14 (2001)). Applying those principles here, we identify no ambiguity because the Reinsurance Agreement is not reasonably susceptible to the interpretation Arrowood now urges. The Reinsurance Agreement expressly limits Westport's reinsurance liability for multiple-year insurance policies. Arrowood points to nothing indicating the parties intended this limitation not to apply to one-year policies which, through modifications by the reinsured, result in coverage for multiple years.

Finally, we conclude that Arrowood cannot pursue indemnification for claim expenses incurred in litigating the Equity policy's scope. Article VII of the Reinsurance Agreement limits indemnification for claim expenses to "risk[s] for which reinsurance is afforded" under the Agreement. The "risk" litigated with respect to the Equity policy, as indicated above, is not one "for which reinsurance is afforded" because those periods are expressly excluded from coverage under the Agreement.

We have considered Arrowood's other arguments and find them to be without merit.

5

Accordingly, the January 7, 2010 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court